UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| WESTERN SHOSHONE NATIONAL, et al., ) <br> ) <br> Plaintiffs,  ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | 03:04-CV-0702-LRH (VPC) <br><br> ORDER |

Presently before this court are two motions to reconsider (#63 & 64[1]). Plaintiffs Western Shoshone National Council, Raymond Yowell, Allen Moss, Joe Kennedy, John Wells, Carrie Dann, Johnny Bobb, Benny Riley and the Timibisha Shoshone Tribe (collectively "Western Shoshone National Council") and Plaintiffs South Fork Band, Winnemucca Indian Colony, Dann Band, Te-Moak Tribe of Western Shoshone Indians, Battle Mountain and Elko Band (collectively "South Fork Band") have objected to the court granting the United States previous motion to dismiss their claims (#61). The United States has filed an opposition to both motions (#66) to which only the Western Shoshone National Council has replied (#68).

Reconsideration of a district court's initial decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) clear error or manifest injustice. *See School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). A court does not abuse its discretion when it denies a motion to reconsider even though its underlying decision is merely erroneous; only "a

---

[1] References to (#XX) refer to the court's docket.

failure to correct *clear* error constitutes abuse of discretion in this context." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (Emphasis in the original).  Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

Plaintiffs both request the court to reconsider its previous order based on clear error and manifest injustice.  As discussed below, both requests will be denied as neither plaintiff has demonstrated proper grounds for relief.

*1.     Western Shoshone National Council Request*

Western Shoshone National Council requests the court to reconsider its decision to strike their first three causes of action pursuant to Federal Rule of Civil Procedure 12(f).  While the Western Shoshone National Council recognizes that its claims were an essential part of the South Fork Band's quiet title action, it is now claimed that those claims were stand alone issues that should not have been struck.  Specifically, it is now claimed that these causes of action were in fact Rule 60(b) requests for relief from the original Ninth Circuit and Supreme Court opinions in *United States v. Dann*, 470 U.S. 39 (1985).

Even if the court were to accept that the Western Shoshone National Council was in fact attempting a Rule 60(b) request for relief from the prior *Dann* cases, reconsideration would not be appropriate.  Acceptance of the Western Shoshone National Council's new independent claim theory would not create plain error as those claims were immaterial to the matter originally transferred to this court.  Accordingly, the claims would have been struck under the same ground as the Western Shoshone National Council's fourth claim for relief.  While there may be an appropriate way to bring these stricken claims seeking to reconsider decades old rulings before the court, attaching them to a transferred quiet title action is not that way.

*2.     South Fork Band Request*

South Fork Band also fails to show clear error in the Court's initial decision.  What South Fork Band does do is attempt to improperly relitigate the issues in this case.  The Court is aware that motions brought pursuant to Fed. R. Civ. P. 59(e) "'may not be used to relitigate old matters,

or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Haskell v. State Farm Mut. Auto. Ins. Co.*, 187 F. Supp. 2d 1241, 1244 (D. Haw. 2002) (quoting Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). South Fork Band's arguments that a distinction exists between aboriginal title and treaty title that precludes any determination that constructive notice could be had in this case were raised in the original briefs. In ruling on the United States motion, the Court was fully aware of South Fork Band's arguments, considered them, and found them without merit. In addition, South Fork Band's argument that application of the constructive notice doctrine of the Quiet Title Act is not appropriate when treaty rights are involved is more appropriately raised on appeal if one is taken. The court applied the law of the circuit to the facts of the case. The fact that South Fork Band does not think the law should apply does not demonstrate clear error.

It is therefore ORDERED that the Western Shoshone National Council Motion to Reconsider (#63) is DENIED;

It is further ORDERED that the South Fork Band Motion to Reconsider (#64) is DENIED.

DATED this 5th day of June, 2006.

_____
LARRY R. HICKS
United States District Judge